

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**ENTERED**
**11/12/2010**

| | | |
|---|---|---|
| IN RE: | § | |
| SEAD HAUSIC, *et al* | § | CASE NO: 07-36804 |
| Debtor(s) | § | |
| | § | CHAPTER 7 |
| | § | |
| SEAD HAUSIC, *et al* | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 10-3003 |
| | § | |
| STAR FURNITURE COMPANY, *et al* | § | |
| Defendant(s) | § | |

## MEMORANDUM OPINION
## AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
## (DOC #11)

Plaintiffs filed a complaint initiating this adversary proceeding against Defendant Star Furniture Company ("Star") for alleged violations of the discharge injunction: 11 U.S.C. § 542(a)(2). Specifically, Plaintiffs contend that Star filed a state court suit and obtained a state court judgment "to collect, recover, or offset" a discharged debt in violation of that statute. Document # 11 is Star's Motion for Summary Judgment. The motion argues that Debtors' failure to turn over collateral was a post-petition tort and that Star's state court litigation was an action against Plaintiffs for their tortious, post-petition conduct, an action not prohibited by the discharge order. For reasons set forth below, the Court finds that there are genuine issues of material fact for trial; therefore, Defendant's motion for summary judgment is denied.

*UNCONTESTED FACTS*

In April of 2006, Sead and Aida Hausic ("Plaintiffs" or "Debtors") purchased a table and bar stools from Star on credit for approximately $2,000. Debtors executed a retail installment contract, granting Star a security interest in the furniture.

Nearly a year later, Debtors filed a voluntary petition seeking relief under chapter 7 of the Bankruptcy Code. Debtors listed the debt to Star as a secured claim for $1,021, and represented that they intended to reaffirm the debt.

When Debtors did not execute a reaffirmation agreement, Star moved for relief from the automatic stay to pursue its state law remedies, "including foreclosure, repossession and/or with

respect to the Property (sic)."[1]  Debtors did not oppose Star's motion, and a default order lifting the stay was entered on January 4, 2008.[2]

In mid-January, Debtors obtained their bankruptcy discharge.  On February 7, 2008, Star Furniture made a written demand upon the discharged Debtors.  The letter is ambiguous.  It clearly asserts a lien on the collateral, but it also states that counsel is "attempting to collect this debt" and refers to the "validity of the debt"; the letter could be read to assert Debtor's continuing personal liability.[3]  The letter further informed Debtors that Star's lien rights survived the discharge order, and that unless the debt was reaffirmed, Star would file a lawsuit seeking foreclosure and possession of the furniture.[4]

Debtors did not reaffirm, surrender, or redeem.  Star filed a state court lawsuit.  The state court petition asserts that Star " … has made repeated demands for payment."  A demand for payment after discharge would be a violation of § 524(a)(2).  In addition, the state court petition seeks to enforce the attorneys' fees provision in the discharged note.  While it is clear that enforcement of those provisions *in rem* is authorized post-discharge, it is not clear whether Star was seeking to enforce those provisions *in rem* or *in personam*.  Star alleges that by failing to surrender the property, Debtors had committed a tort: conversion.  Star's state court complaint seeks a judgment for the fair market value of the furniture ($1,776.49), interest, attorney's fees, and, in the alternative, foreclosure of its security interest.[5]  Debtors admit that they did not respond to the lawsuit, "under the belief that this Court issued a permanent injunction prohibiting such collection activities (the Discharge Order)."[6]  There is no summary judgment evidence indicating which alternative was the state court's basis for judgment.

## *SUMMARY JUDGMENT STANDARD*

Summary judgment should be granted "if the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(c); *Gray Law LLP v. Transcon. Ins. Co.*, 560 F.3d 361, 365 (5th Cir. 2009). Federal Rule of Bankruptcy Procedure 7056 incorporates Rule 56 in adversary proceedings.[7]

---

[1] 07-36804, Document #18, *Default Order Granting Relief from The Automatic Stay*.

[2] *Id.*

[3] 10-3003, Document 11, page 12.

[4] *Id.*

[5] *Id*, page 14.

[6] 10-3003, Document #12, page 2.

[7] Rule 56 was amended, effective December 1, 2007.  Although most changes were stylistic, the changes to Rule 56(c) were substantive.  Prior to the amendment, Rule 56(c) provided that the Court "shall" grant summary judgment if the relevant criteria were met.  Effective December 1, 2007, the word "shall" was changed to "should".  The Committee Notes to the 2007 amendment state that the word "[s]hould" was substituted for "shall" to recognize

A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine issue of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). A genuine issue of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) ("A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party."); *James v. Tex. Collin County*, 535 F.3d 365, 373 (5th Cir. 2008). A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009); *LeMaire v. La. Dept. of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007). Nevertheless, a court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F. 393, 405 (5th Cir. 2003). The Court should not weigh the evidence inasmuch as a credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara v. Garber*, 353 F.3d 393, 403 (5th Cir. 2003); *Chaplin v. Nationscredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine issue of material fact. *Sossamon*, 560 F.3d at 326; *U.S. v. 92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008). The non-moving party has a duty to respond with specific evidence demonstrating a disputed fact issue. *Celotex Corp. Cattrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *92,203.00 in United States Currency*, 537 F.3d at 507. When identifying specific evidence in the record, the non-movant must "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004); *Raga v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

If the movant does not bear the burden of proof, the movant must show the absence of sufficient evidence to support an essential element of the opposing party's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412; *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006). Movants who do not bear the ultimate burden of proof often seek summary judgment after discovery has produced insufficient evidence to support the non-moving party's claims. Upon an

---

that, "although there is no discretion to enter summary judgment when there is a genuine issue as to any material fact, there is discretion to deny summary judgment when it appears that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56 advisory committee's notes (2007). As one commentator noted, "even when a motion for summary judgment is properly made and supported, it need not be granted . . . [s]uch a motion may be granted - indeed, it should be granted - but it does not have to be granted." Bradley S. Shannon, *Should Summary Judgment Be Granted?*, 58 Am. U. L. Rev. 85, 95 (2008).

adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex*, 477 U.S. at 324. The non-movant must "go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue" rather than relying on conclusory allegations. *Adams v. Travelrs Indem. Co.*, 465 F.3d 156, 163–64 (5th Cir. 2006); *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). Ultimately, the motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

*LAW*

The Court's order of January 18, 2008, granted Debtors a bankruptcy discharge under Bankruptcy Code § 727(b); the discharge applies to all debts that arose before the date of the order for relief in the case. When a discharge has been granted, Bankruptcy Code § 524 enjoins creditors from seeking to collect, recover, or offset discharged debts as a personal liability of the debtor. Section 524 also provides that the discharge voids any judgment "at any time obtained" if that judgment is a determination of debtor's personal liability for a discharged debt. But the discharge and § 524 do not affect *in rem* liability and § 524 does not enjoin actions to collect debts that arise post-bankruptcy.

*SUMMARY JUDGMENT EVIDENCE*

In support of its motion for summary judgment, Star attached the following evidence:

1. The affidavit of Star's counsel, Fred L. Unger
2. Debtor's Statement of Intention, originally filed with Debtor's bankruptcy schedules
3. A demand letter from Star's counsel to Debtor, dated February 7, 2008
4. Star's state court petition against Debtor, dated March 13, 2008.
5. The retail installment contract between Star and Debtor, dated April 30, 2006.

*1. The Affidavit of Star's Counsel*

The Texas Disciplinary Rules of Professional Conduct prohibit attorneys from appearing both as a witness and as counsel in the same proceeding. TEX. DISCIPLINARY R. PROF'L. CONDUCT 3.08 (2010). The primary objective for the advocate-witness rule is the protection of the fact-finding process. "[The] adversary system works best when the roles of the judge, attorneys, and of the witnesses are clearly defined. Any mixing of those roles inevitably diminishes the effectiveness of the entire system." Robert P. Schuwerk & John F. Sutton, Jr., A GUIDE TO THE TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT § 3.08(1990), *citing Cottonwood Estates v. Paradise Builders*, 128 Ariz. 99, 102, 624 P.2d 296, 300 (1981). The rule may not be waived by the client: "Because this rationale for the prohibition is based on protecting the truth seeking process, it follows that client consent to the lawyer's dual role should not negate its impropriety." *Id*.

An exception to the rule relates to uncontested matters and formalities, such as statements that counsel mailed a demand letter. In addition, there is an exception for proving the amount of

attorneys' fees.  The affidavit is competent summary judgment evidence <u>only</u> as to the attorneys' fees and the fact that certain letters were mailed and responses not received.

   *2.  The Remaining Evidence*

Star's motion for summary judgment argues that Debtor's failure to turn over collateral was a post-petition tort and that Star's state court litigation was an action against Plaintiffs for their tortious, post-petition conduct -- an action not prohibited by the discharge order.

To prevail on its defense, Star must establish that failure to surrender collateral after filing a bankruptcy petition constitutes conversion of the collateral and Star must establish that its state court lawsuit and judgment were based solely on that post-petition tort.

To prevail on its motion for summary judgment, Star must provide summary judgment evidence that establishes there is no material issue of fact for trial.

Excluding counsel's affidavit, Star's summary judgment evidence merely establishes the contents of Star's demand letter and the allegations of Star's state court petition.  It does not establish the basis of the state court petition or the legal basis for the judgment that was awarded.  There are, therefore, material issues of fact for trial.

### *CONCLUSION*

Star's Motion for Summary Judgment (document #11) is DENIED.

SIGNED 11/12/2010.

_Wesley W. Steen_
Wesley W. Steen
United States Bankruptcy Judge